NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4002-15T3

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

RICHARD JONES, JR.,

 Defendant-Appellant.
_______________________________________________

 Argued May 9, 2017 – Decided August 14, 2017

 Before Judges Messano and Grall.

 On appeal from the Superior Court of New
 Jersey, Law Division, Cumberland County,
 Municipal Appeal No. 07-15.

 Robert J. Pinizzotto argued the cause for
 appellant (Mr. Pinizzotto, attorney; Mr.
 Pinizzotto and Nicole E. Wise, on the
 brief).

 Stephen C. Sayer, Assistant Prosecutor,
 argued the cause for respondent (Jennifer
 Webb-McRae, Cumberland County Prosecutor,
 attorney; Mr. Sayer, of counsel and on the
 brief).

PER CURIAM

 Defendant Richard Jones, Jr., pled guilty to operating "a

motor vehicle with a blood alcohol concentration of 0.08% or
more," N.J.S.A. 39:4-50(a), but he reserved his right to appeal

the municipal court's denial of his pre-trial motion to exclude

the Alcohol Influence Report (AIR) generated by an Alcotest 7110

MKIII-C breath-testing device (Alcotest). State v. Chun, 194

N.J. 54, 63 (2008), cert. denied, 555 U.S. 825, 129 S. Ct. 158,

172 L. Ed. 2d 41 (2008); see R. 7:6-2(c) (authorizing guilty

pleas reserving "the right to appeal [an] adverse determination

of any specified pretrial motion").

 In entering his plea, defendant acknowledged State Trooper

Michael Katz had reason to stop his car in Millville on June 24,

2014, and reason to ask him to submit to a test of his breath.

Katz performed the breath-test utilizing Alcotest # ARWC-0054

located at the New Jersey State Police Barracks in Port Norris.

The AIR reported a blood alcohol concentration (BAC) of .20%,

which defendant acknowledged he had no reason to believe was

inaccurate.1

 Accepting the plea, the municipal court imposed the minimum

penalties available given defendant's prior conviction for

driving while under the influence. The court also granted the

1
 The prosecutor was also prepared to establish defendant's guilt
through Trooper Katz's testimony on his observations. He
provided his consent to the conditional plea, but he reserved
his right to present evidence establishing guilt without
reliance on the Alcotest results in the event defendant
prevailed on appeal.

 2 A-4002-15T3
State's motion to dismiss a related charge for an unsafe lane-

change, N.J.S.A. 39:4-88(b).

 Defendant appealed to the Law Division. For reasons stated

in a written opinion filed on April 8, 2016, the judge affirmed

the municipal court's evidentiary ruling and addressed and

rejected additional claims defendant had not raised or preserved

in the municipal court. Those claims are fairly characterized

as general challenges to municipal court prosecutions for drunk

driving. Defendant appeals and challenges the Law Division's

determinations, which we now affirm.2

 Defendant presents these issues for our consideration:

 I.

 THE COURT IMPROPERLY ADMITTED INTO EVIDENCE
 THE ALCOHOL INFLUENCE REPORT AND ALCOTEST
 CALCULATION RESULTS DOCUMENTS OVER DEFENSE
 OBJECTION, AND THUS, IMPROPERLY ADMITTED
 DEFENDANT'S BREATH TEST RESULT.

 II.

 DUE PROCESS AND JUDICIAL INDEPENDENCE MUST
 REMAIN HALLMARKS OF AMERICAN AND NEW JERSEY
 JURISPRUDENCE.

 III.

 THE STATUTORY SCHEME OF THE MUNICIPAL COURTS
 OF THE STATE OF NEW JERSEY PREVENTED THE

2
 Defense counsel included the Law Division's written decision in
the appendix but did not provide a copy of a judgment or order
entered in the Law Division. Defense counsel provided documents
admitted in municipal court in response to the court's request.

 3 A-4002-15T3
 DEFENDANT FROM OBTAINING A FAIR AND
 IMPARTIAL HEARING ON THE MERITS.

 IV.

 THE COURT ERRED IN DENYING DEFENDANT'S
 MOTION SEEKING RECUSAL OF THE MUNICIPAL
 COURT JUDGE WHO SAT BELOW.

 V.

 THE MUNICIPAL PROSECUTOR IS NOT A FAIR AND
 IMPARTIAL ADVOCATE AS REQUIRED BY NEW
 JERSEY'S SYSTEM OF JUSTICE AND MUST BE
 DISQUALIFIED/RECUSED FROM PROSECUTING THE
 WITHIN MATTER.

 I.

 Defendant moved to exclude the AIR by oral application on

the day of trial, and the municipal court conducted a hearing on

admissibility pursuant to N.J.R.E. 104(a). In conformity with

the Supreme Court's order in Chun, Trooper Katz, as the

"operator who conducted the tests," was "available to testify."

194 N.J. at 154. Defense counsel did not challenge Trooper

Katz's qualifications to operate or his operation of the

Alcotest and in fact stipulated Katz is a certified Alcotest

operator.

 Defense counsel challenged the admissibility of

"foundational documents" required by Chun, 194 N.J. at 154, for

admission of defendant's AIR — specifically, the most recent

Alcotest 7110 Calibration Record, the "Alcotest 7110 Calibration

 4 A-4002-15T3
Certificate Part I - Control Tests," and its "Part II -

Linearity Tests." We refer to the documents at issue

collectively as the calibration documents.

 Sergeant Michelle Goncalves, of the New Jersey State

Police, was the qualified coordinator who performed the

calibration and certified and signed the calibration documents,

all of which related to testing of Alcotest # ARWC-0054, which

is the device Trooper Katz operated. The Supreme Court's order

in Chun includes the calibration documents in the select group

of "foundational documents" that "shall be offered into evidence

to demonstrate the proper working order of the device." Ibid.

The order in Chun does not require the State to make the

coordinator available to testify. Id. at 150-54.

 Defense counsel sought exclusion of the calibration

documents based on the State's failure to authenticate them and

establish an adequate foundation for their admission as business

records pursuant to N.J.R.E. 803(c)(6). The only witness,

Trooper Katz, could not identify Goncalves's signature, had

never met her and had no personal knowledge of her assignment or

duties. Moreover, he testified he had not seen the calibration

documents until they were shown to him during the hearing.

 5 A-4002-15T3
 Relying on Chun, the municipal court determined the

calibration documents were admissible without the need for

testimony from the coordinator.

 In the Law Division, the judge relied on Chun, but not

exclusively. The judge considered Sergeant Goncalves's detailed

certifications, which were included in and part of the

calibration documents she had signed.

 The calibration documents were duplicate copies. See

N.J.R.E. 1001, 1003. The copies show the seal of the New Jersey

State Police printed under or over the text of the

certifications. The copies plainly show a signature purporting

to be that of Sergeant Michelle Goncalves, her badge number,

and, among other things, the serial number of the Alcotest

device she tested on May 6 and Trooper Katz operated on June 25,

2014.

 The text of Sergeant Goncalves's identical certifications

state:

 Pursuant to law, and the "Chemical Breath
 Testing Regulations" N.J.A.C. 13:51, I am a
 duly appointed Breath Test
 Coordinator/Instructor. In my official
 capacity, and consistent with "Calibration
 Check Procedure for Alcotest 7110," as
 established by the Chief Forensic Scientist
 of the Division of State Police, I perform
 calibration checks on approved instruments
 employing infrared analysis and
 electrochemical analysis, when utilized in a

 6 A-4002-15T3
 single approved instrument as a dual system
 of chemical breath testing. Pursuant to, and
 consistent with, the current "Calibration
 Check Procedure for Alcotest 7110," as
 established by the Chief Forensic Scientist,
 I performed a Calibration Check on the
 approved instrument identified on this
 certificate. The results of my Calibration
 Check are recorded on this certificate, which
 consists of two parts on two pages: Part I -
 Control Tests; and Part II - Linearity Tests.
 I certify that the foregoing statements made
 by me are true. I am aware that if any of the
 foregoing statements made by me are willfully
 false, I am subject to punishment.

 We agree with the judge that this certification provides

the necessary authentication. Pursuant to N.J.R.E. 902(a),

"[e]xtrinsic evidence of authenticity as a condition precedent

to admissibility is not required with respect to . . . [a]

document purporting to bear a signature affixed in an official

capacity by an officer or employee of the State of New Jersey."

Sergeant Goncalves's certification includes a signature

purporting to be hers and states she prepared and signed the

document in her official capacity as a duly appointed Alcotest

coordinator. Thus, the calibration documents were self-

authenticating, N.J.R.E. 902(a).

 In the Law Division, defendant argued the calibration

documents did not qualify as self-authenticating pursuant to

N.J.R.E. 902(a), because they were copies and required an

additional certification in conformity with N.J.R.E. 902(d). We

 7 A-4002-15T3
disagree. N.J.R.E. 902(d) provides an additional basis for

self-authentication, not an additional requirement for

authenticating a copy of a document that is self-authenticating

pursuant to N.J.R.E. 902(a).

 As defense counsel acknowledges on appeal, N.J.R.E. 1003

allows admission of copies as duplicates. He now contends that

either a certification or testimony indicating these copies were

"true copies" was required. In making that argument, he ignores

N.J.R.E. 901, which permits authentication or identification "by

evidence sufficient to support a finding that the matter is what

its proponent claims," and N.J.R.E. 1003, which provides copies

are admissible "unless (a) a genuine question is raised as to

the authenticity of the original, or (b) in the circumstances it

would be unfair to admit the duplicate in lieu of the original."

The circumstances under which defense counsel received the

copies of the calibration documents, as part of the discovery

mandated by Chun, provided adequate circumstantial evidence to

demonstrate the documents were copies of the self-authenticating

calibration documents. There was no unfairness in admitting the

documents because the State was willing to obtain a witness or

proceed to trial on Trooper Katz's observations, efforts

defendant mooted by entering the conditional plea.

 8 A-4002-15T3
 As the judge explained in his written decision, there was

"no genuine issue raised as to the authenticity of the

original." Defense counsel's only argument was that it is

possible to alter the calibration documents the State produced

in discovery. A possibility of alteration does not raise a

genuine issue.

 The certifications quoted above also provide the foundation

required for admission of the calibration documents as business

records pursuant to N.J.R.E. 803(c)(6). They establish that

Sergeant Goncalves tested the device and reported the results on

May 6, 2014, in the regular course of her duties as a duly

authorized Alcotest coordinator and based on what she did and

observed. And, in Chun, the Supreme Court plainly stated that

all of the "foundational documents" it recognized "qualify as

business records." 194 N.J. at 142.

 Defendant has not demonstrated error warranting reversal of

the denial of his motion to exclude the calibration documents.

 II.

 Defendant's remaining arguments, which were not raised in

municipal court or preserved for appeal with his conditional

guilty plea, have insufficient merit to warrant extended

comment. R. 2:11-3(e)(2).

 9 A-4002-15T3
 "Generally, a defendant who pleads guilty is prohibited

from raising, on appeal, the contention that the State violated

his constitutional rights prior to the plea." State v. Crawley,

149 N.J. 310, 316 (1997); accord State v. Knight, 183 N.J. 449,

470 (2005) (quoting Crawley and citing and quoting Tollett v.

Henderson, 411 U.S. 258, 267, 93 S. Ct. 1602, 1608, 36 L. Ed. 2d

235, 243 (1973)). We address defendant's claims of judicial

partiality and threats to judicial independence creating an

appearance of partiality because the claims implicate

proceedings that followed entry of his guilty plea.

 Defendant's first point in this series of arguments (Point

II of his brief) is a general discussion of the importance of

judicial independence and impartiality. It provides a backdrop

for the arguments that follow and requires no comment.

 His second point in this series (Point III of his brief)

includes two arguments concerning the municipal courts in this

State.

 The first argument is a claim that statutes addressing

appointment of the municipal court judges and the duration of

their appointments pose a threat to defendant's right to a

neutral magistrate. The laws defendant challenges are

authorized by Article VI, Section 1, ¶ 1 of our State

Constitution. The municipal officials and governing bodies

 10 A-4002-15T3
authorized to appoint municipal court judges, N.J.S.A. 2B:12-1,

do so as "statutory" agents of the Legislature. Kagan v.

Caroselli, 30 N.J. 371, 379 (1959). Moreover, municipal courts

and the judges appointed to serve there are subject to oversight

of the Supreme Court. Ibid.

 The second claim is an argument supported with reference to

extrajudicial statements and reports of revenue collected from

costs, fees, fines and monetary penalties imposed by courts.

Defendant perceives this system as one providing undue pressure

and incentive for judges to order monetary sanctions and enhance

revenue available to fund municipal courts and their judges.

Remuneration for services of judges of the municipal court is

based on salary established pursuant to N.J.S.A. 2B:12-7(b), not

on the volume of revenues from fines and penalties. Any impact

such revenues may have on judicial salaries and working

conditions is indirect, attenuated and simply not comparable to

circumstances addressed in cases defendant cites involving

impartiality and its appearance attributable to judges' personal

interest in the outcome of cases.

 The next argument defendant presents (Point IV of his

brief) suggests a claim that the Law Division erred in denying

his motion to recuse the municipal court judge, which the judge

properly denied because it was not presented to the municipal

 11 A-4002-15T3
court judge. R. 2:12-2. In actuality, defendant quotes

passages from Supreme Court decisions torn from their context

and contends the Court's enunciated "judicial policy" has placed

judges of the municipal and superior courts "in the untenable

and unenviable position of being required to follow the policy

. . . , which conflicts with the Code of Judicial Conduct."3 He

continues and argues, "Defendant herein is therefore deprived of

fundamental due process rights under the Constitutions of the

United States and the State of New Jersey and therefore must be

acquitted of all charges."

 Defendant argues the quotations he selected direct judges

to favor conviction of drunk drivers. The Court's decisions

cannot be understood to direct anything other than an impartial

consideration of the evidence in light of the relevant

substantive, procedural and constitutional law. In selecting

quotes, defendant overlooks what the Court said in Chun —

"Zealousness in ridding our roads of drunk drivers cannot

overcome our ordinary notions of fairness to those accused of

these offenses." 194 N.J. at 118.

3
 The quotations are from State v. Tischio, 107 N.J. 504, 514
(1987) (discussing developments in the drunk driving laws and
their application), appeal dismissed, 484 U.S. 1038, 108 S. Ct.
768, 98 L. Ed. 2d 855 (1988), and In re Collester, 126 N.J. 468,
472 (1992) (discussing appropriate collateral consequences).

 12 A-4002-15T3
 Defendant's final argument is based on N.J.S.A. 22A:3-4.

He contends the statute provides an impermissible financial

incentive for municipal prosecutors to pursue convictions and

disregard their obligation to do justice. See State v.

Timmendequas, 161 N.J. 515, 587 (1999) (discussing prosecutors'

well-established duty to serve the interest of justice). The

statute requires a "prosecutor" who seeks, but fails to obtain,

a municipal court conviction to pay statutory costs. N.J.S.A.

22A:3-4. Defendant presents no evidence or authority

establishing the Legislature intended the reference to include

"municipal prosecutors," who are "person[s] appointed to

prosecute all offenses over which the municipal court has

jurisdiction." N.J.S.A. 2B:25-2(a). When questioned about

application of the statute in the Law Division, defense counsel

did not provide a responsive answer. Without any indication

municipal courts order individual municipal prosecutors to pay

costs pursuant to N.J.S.A. 22A:3-4, the claim does not warrant

discussion.

 In conclusion, review of the record and briefs discloses no

reason to reverse or modify any determination made by the judge

who decided the de novo appeal in the Law Division.

 Affirmed.

 13 A-4002-15T3